IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAYMOND LASKY,

        Plaintiff,

vs.                                          CIVIL NO.   01-1273 LFG/KBM

DAVID LANSFORD et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT CHANDLER'S MOTION TO DISMISS

THIS MATTER is before the Court on State Magistrate Judge Caleb Chandler's Motion to Dismiss [Doc. 13]. Plaintiff, Raymond Lasky ("Lasky"), is a *pro se* litigant who filed a 42 U.S.C. § 1983 claim against Judge Chandler and various other defendants as a result of an alleged illegal arrest, assault, prosecution and incarceration.

The nature of Lasky's grievances against Judge Chandler is not clear from his complaint; however, in Lasky's response in opposition to the motion, he contends that Judge Chandler "[d]enied Plaintiff access to Medical Treatment, Knowing that there is no Medical Treatment at the Curry County Adult Detention Center . . . . (Response, p. 3, ¶ 4)," and that, at Lasky's arraignment, Judge Chandler failed to order appropriate medical care, even though the judge "[k]new of Plaintiff's injuries, and with a capricious and malicious act, ignored and denied Emergency Medical Treatment." (Response, p. 4, ¶ 4b).

It also appears that Lasky is alleging that Judge Chandler "held [him] incomunicado" (Response, p. 4, ¶ 4b) and thereby denied Lasky the "[m]eans to vindicate his Eighth and Fourteenth Amendments' U.S. Constitutional Rights." (Response, p. 4, ¶ 4b).

## Judicial Immunity

A judge enjoys absolute immunity from damages arising out of actions taken in his or her judicial capacity. Stump v. Sparkman, 435 U.S. 349, 359, 98 S. Ct. 1099, 1106 (1978). Judges are protected by absolute immunity for judicial acts, except when they act in the clear absence of all jurisdiction. Id. at 356-57, n. 7; Whitesel v. Sengenberger, 222 F.3d 861, 867 (10th Cir. 2000).

Few doctrines were more solidly established at common law than the immunity of judges from liability for acts committed within their judicial discretion. Cleavinger v. Saxner, 474 U.S. 193, 199, 106 S. Ct. 496, 499-500 (1985), *citing* Pierson v. Ray, 386 U.S. 547, 553-54, 87 S. Ct. 1213, 1217 (1967).

Lasky's complaints against Judge Chandler arise from the judge's orders issued in a case before him or, alternatively, from an alleged failure to issue orders concerning medical treatment. Nowhere in Lasky's complaint or his response in opposition does he assert that Judge Chandler acted in the clear absence of all jurisdiction. Stump v. Sparksman, 435 U.S. at 356-57, n. 7. To the contrary, it is clear that Judge Chandler acted on a matter within the court's jurisdiction. *See* NMSA 1978, § 35-3-4.

Judicial immunity permits judges and those acting at the direction of a judge the freedom to exercise their functions with independence and without fear of consequence, even when, as here, a dissatisfied litigant seeks another forum to obtain relief from the court's rulings. Pierson v. Ray, 386 U.S. at 553-54; *see also* Whitesel v. Sengenberger, 222 F.3d at 867.

The Court concludes that Lasky's complaint against Judge Chandler must be dismissed with prejudice pursuant to the doctrine of absolute immunity.

*[signature]*
Lorenzo F. Garcia, U.S. Magistrate Judge