IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAYMOND LASKY,

        Plaintiff,

vs.                           CIVIL NO. 01-1273 LFG/KBM

DAVID LANSFORD et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANTS' MOTION
## AND DISMISSING CASE WITHOUT PREJUDICE

THIS MATTER is before the Court on Defendants' Motion to Dismiss Pursuant to FED. R. CIV. P. Rule 12(b)(5) and/or Rule 41(b) for Plaintiff's Failure to Serve His Complaint in Compliance with Court Order [Doc. 46].[1]

Plaintiff Raymond Lasky ("Lasky"), a *pro se* litigant, has responded to virtually every ruling in this case by filing a notice of appeal [Docs. 27, 30, 39 and 55]. The filing of a notice of appeal divests the trial court of jurisdiction. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S. Ct. 400, 402 (1982). However, on July 24, 2002, the Tenth Circuit Court of Appeals dismissed Lasky's appeal. Assuming that this dismissal resolves Lasky's various prior appeals, the Court is ready to proceed on the pending motion.

Lasky filed suit on November 2, 2001. He sought to effect service of process on the City and firefighter defendants, but his service of process was ineffective. He failed to serve the complaint and

---

[1] The movants in this case are Mayor David Lansford, Chief of Police William Carey, Acting Chief of Police and Curry County Manager Raymond Mondragon, Police Officers Debra Winnett, Robert Denney, and Russell Gould, the City of Clovis Police Department, and paramedics Stan Mixon and David R. Burress.

summons in the manner required either by the federal rules of procedure or by New Mexico's state civil rules.

Defendants filed a motion to dismiss or, in the alternative to quash, on March 1, 2002 [Doc. 28]. At the time Defendants filed their motion, the 120-day time limit for Lasky to serve under Rule 4(m) was about to expire. Indeed, that deadline expired on March 2, 2002. The Court found that Defendants' motion to dismiss was well-taken, but rather than simply dismissing the case, the Court extended the time limit for service and directed that Lasky properly effect service of process by May 6, 2002 and submit appropriate proofs of service no later than May 21, 2002. The Court stated, "Failure to properly serve and to prove that service has been effective will result in dismissal of Lasky's complaint as to any unserved defendant." [Doc. 34].

Lasky's latest attempt at service simply fails to comply with the requirements of FED. R. CIV. P. 4(e). This Rule requires that service may be effected upon an individual pursuant to the law of the state in which the district court is located by delivering a copy of the summons and the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion residing therein. Lasky neither personally served any of the Defendants by delivering a copy of the summons and complaint nor did he effect appropriate substitute service by delivering the documents to their respective dwellings and leaving the documents with an appropriate individual.

Personal service is required unless the rules provide for substitute service, and when they do, service must be in accord with the rules' requirements. Lasky failed to effect proper service and he failed to serve process by the May 6th deadline imposed by the Court.

The May 16, 2002 proof of service on file with the Court indicates that Lasky sought to serve

Defendants Lansford and Mondragon by leaving documents in the care of Joanna Garcia. Lasky also contended that Defendants William Carey, Debra Winnett, Robert Denney and Russell Gould were served by delivering a complaint and summons to a purported agent named Morris. Attempted substitute service on both individuals fails to comply with the rules governing process. Neither Joanna Garcia nor Morris are agents authorized either under the state or federal rules or by designation by the Defendants. This service is improper under NMRA 1-004(F).

As Lasky failed to serve within the original 120 days authorized by law, or within the extended time granted by the Court, the Court finds that Lasky has failed to comply with the rules of procedure and with the orders of the Court.

Lasky's *pro se* status makes no difference. He may not to avoid the requirements of law simply because he is unrepresented. Courts require that *pro se* parties "follow the same rules of procedure that govern other litigants." Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992); Casper v. Commissioner of Internal Revenue, 805 F.2d 902, 906 n. 3 (10th Cir. 1986); Bradenburg v. Beaman, 632 F.2d 120, 122 (10th Cir. 1980). A *pro se* litigant should not be penalized because of his unrepresented status nor should the Court grant special concessions because of that status. The law should apply equally to the rich and poor. The mightiest corporation and the poorest citizen should stand on equal footing before the Court. In Don Quixote's famed admonitions and counsel to Sancho Panza concerning the administration of laws, he reminded the new governor that, before the bar of justice, all should stand equal. "Let the tears of the poor man find with thee more compassion, but not more justice, than the pleadings of the rich."[2]

---

[2] Miguel de Cervantes, Don Quixote, translated by John Ormsby, Chapter XLII " of the counsels which Don Quixote gave Sancho Panza before he set out to govern the Island, together with other well considered matters."

Had a represented party failed to comply with the rules of service, that party's complaint would be dismissed. So, too, here. The Court finds no reason to grant further extensions in this case. Defendants' motion to dismiss is granted.

                                                                             _____
                                                                             Lorenzo F. Garcia
                                                                             United States Magistrate Judge